UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-61913-CIV-COHN/SELTZER

GERALDINE PEARSON, on her own behalf and
others similarly situated,

    Plaintiff,

v.

SU OK SIN d/b/a JIMMY'S COURTHOUSE DELI,

    Defendant.
_____/

## ORDER DENYING WITHOUT PREJUDICE MOTION FOR SUMMARY JUDGMENT
## ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE

THIS CAUSE is before the Court upon Defendant's Motion for Final Summary Judgment [DE 9] and Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment a Premature and Response to Defendant's Motion Pending the Completion of Discovery [DE 15].  The Court has carefully considered the motions, response and reply thereto, and is otherwise fully advised in the premises.

### I.  BACKGROUND

Plaintiff filed this action for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA").  Plaintiff worked at a small food store located near the Broward County Courthouse.  Plaintiff alleges she was paid straight time for all hours worked, even though she worked an average of 45 hours a week between February of 2005 and November of 2007.  Plaintiff cooked, prepared food and ran a cash register for 12 months.

Defendant filed an early motion for summary judgment in this case just one

month after the filing of the Complaint. Defendant attaches three years of federal tax returns to support its argument that its gross proceeds are below the jurisdictional threshold of $500,000 for FLSA coverage of its business. Plaintiff moved to strike the motion or defer a ruling upon it until after discovery is completed. Plaintiff's motion is supported by Plaintiff's Affidavit [DE 16-2].

## II. DISCUSSION

In general, "summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery." Snook v. Trust Co. of Georgia Bank of Savannah, N.A., 859 F.2d 865, 870 (11th Cir. 1988). Rule 56(f) of the Federal Rules of Civil Procedure allows a Court to deny or defer ruling upon a motion for summary judgment if the opposing party shows that "for specified reasons," it cannot present facts essential to its opposition. Plaintiff meets this standard in this action.

Defendant's motion asserts that Plaintiff cannot show FLSA interstate commerce jurisdiction, as Defendant is a small, single-location food shop. Under the FLSA, "interstate commerce" can be shown by either individual coverage of the employee at issue, or enterprise coverage of the defendant business. With respect to enterprise coverage, a business must have more than $500,000 in gross revenues and employees engaged in interstate commerce. For individual coverage to apply, a plaintiff must show that "he was (1) engaged in commerce or (2) engaged in the production of goods for commerce. 29 U.S.C. § 207(a)(1)." Thorne v. All Restoration Services, Inc., 448 F.3d 1264, 1266 (11th Cir. 2006) (employee of local mold and water restoration company not engaged in interstate commerce).

The parties dispute whether Plaintiff was engaged in interstate commerce, either individually, or whether the business engaged in interstate commerce. With regard to the $500,000 threshold, Plaintiff's affidavit has shown specified reasons to cast enough doubt upon the tax returns that the Court cannot simply grant summary judgment upon review of the tax returns. First, Plaintiff was paid $8.75 per hour in salary, which would result in an annual salary of $17,500, even at 40 hours per week for 50 weeks a year. Defendant's tax filings indicate a total salary, for all employees, of only $22,186 for 2005 and $15,664 for 2006. Plaintiff's affidavit indicates that other employees worked at this location. Declaration of Geraldine Pearson, ¶ 9. Plaintiff also states that she witnessed other employees and some vendors paid in cash. Id., ¶¶ 9 and 12. Furthermore, Plaintiff states that daily register receipts totaled between $1,600 and $4000 per day from the register she was responsible for. Id., ¶ 10. If the daily receipts averaged $2,000 per day for 250 weekdays in a year, that would total $500,000 in gross receipts. Plaintiff's affidavit therefore, contains specific reasons to question whether in fact Defendant's actual gross receipts were over $500,000.

### III. CONCLUSION

The Court concludes that Plaintiff has met her burden under Rule 56(f) for this Court to deny Defendant's motion without prejudice, in order for discovery to be taken on the issues in this case. In that regard, Plaintiff's request for the Court to direct Defendants to now respond to the pending discovery is granted. There remains sufficient time to complete discovery on the original schedule in this case [DE 13].

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Final Summary Judgment [DE 9] is hereby **DENIED, without prejudice**, as premature;

2. Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment as Premature [DE 15] is hereby **GRANTED**;

3. Defendant shall respond to Plaintiff's pending discovery requests by May 1, 2008.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 7th day of April, 2008.

JAMES I. COHN
United States District Judge

cc: Counsel of record on CM/ECF